UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHIZOMA B. ONYEMS,

         Plaintiff,

    v.

MICHAEL CHERTOFF, Secretary
of Homeland Security, et al.,

         Defendants.
_____/

NO. CIV. S-08-1631 LKK/DAD

O R D E R

Plaintiff is an applicant for naturalization who brought suit in this court against defendants Shelby Harris, Jonathan Scharfen, Michael Chertoff, Michael Mukasey, and Robert Mueller due to the untimely resolution of his naturalization petition. Upon the stipulation of the parties, the case was remanded to the United States Citizenship and Naturalization Services (CIS) for adjudication of plaintiff's petition. Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

## I. BACKGROUND

Plaintiff filed his complaint in this court on July 15,

1

1  2008. In it, he alleged that he was a lawful permanent resident
2  of the United States and had applied for naturalization on
3  January 2004. He alleged that at his examination on September
4  10, 2004, he was told by the CIS examiner that his application
5  was approved pending the results of the FBI's background check.
6  At the time of filing his complaint, there had not been a final
7  determination on his application.
8      Plaintiff's complaint alleged that defendants violated 8
9  C.F.R. § 335.3, which requires CIS to make a decision on a
10 naturalization petition within 120 days of the initial
11 examination. As a result of CIS's delay, plaintiff requested the
12 court to adjudicate his application, pursuant to 8 U.S.C. §
13 1447(b).
14     On August 26, 2008, the parties submitted a stipulation to
15 the court to remand the case to CIS. It explained, "This is an
16 immigration case in which plaintiff has filed to challenge
17 [CIS's] failure to timely adjudicate his naturalization
18 application and to seek de novo review of this application. As
19 of the time of this filing, the agency is prepared to adjudicate
20 the application." If CIS failed to make a determination on the
21 petition within sixty days, the parties agreed that the court
22 would have jurisdiction to adjudicate the petition. The court
23 approved the stipulation by order on August 28, 2008, remanding
24 the case to CIS. It is based upon this order that plaintiff
25 asserts that attorneys fees are proper.
26 ////

**II. STANDARD**

Under the Equal Access to Justice Act, a court "shall award" attorney fees, costs and other expenses to a "prevailing party" in a civil action "brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In the absence of a statutory definition, a plaintiff is a "prevailing party" for purposes of the EAJA if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." See United States v. Real Property Known as 22249 Dolorosa Street, 190 F.3d 977, 981 (9th Cir. 1999) (internal citations and quotation marks omitted). A plaintiff is not entitled to attorney fees, costs and other expenses in a civil action against the United States, despite satisfying the "prevailing party" test, if the government, bearing the burden of proof, demonstrates that its position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1988).

An application for attorneys' fees under the EAJA must be brought within thirty days of the final judgment, although it is tolled during the ninety days thereafter when the plaintiff may seek review by the Supreme Court or if the matter is remanded to

an agency. Li v. Keisler, 505 F.3d 913, 917 (9th Cir. 2007); Al-Harbi v. INS, 284 F.3d 1080, 1082-84 (9th Cir. 2002).

### III. ANALYSIS

Plaintiff requests $2,138.25 in attorneys' fees and costs. For the reasons stated herein, the court grants the motion for the full amount requested.

**A.   Prevailing Party**

The parties first dispute whether plaintiff was the prevailing party so that an award of attorneys' fees is proper under the EAJA. A party is a prevailing party if it "succeed[ed] on any significant issue in litigation which achiev[ed] some of the benefits" it sought in bringing suit. National Wildlife Federation v. Federal Energy Regulatory Comm'n, 870 F.2d 542, 544 (9th Cir. 1989). Instead, there must be a "judicial imprimatur" that changes the legal relationship of the parties. Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002). An agreement between the parties that is adopted as an order of the court can suffice. Carbonell v. I.N.S., 429 F.3d 894, 900-901 (9th Cir. 2005) (court-ordered stay of deportation, upon the stipulation of the parties, rendered plaintiff a prevailing party). Moreover, a plaintiff can be a prevailing party on an action even if he does not win the underlying relief he seeks from the agency. See, e.g., Rueda-Menicucci v. INS, 132 F.3d 493, 495 (9th Cir. 1997). (remand to INS to reconsider a prior decision sufficed to give plaintiff prevailing party status, regardless of whether he ultimately prevailed in the

agency action). A plaintiff may also be a prevailing party even if his claim later becomes moot. Watson, 300 F.3d at 1096; Williams v. Alioto, 625 F.2d 845, 847 (9th Cir. 1980); Californians for Alternatives to Toxics v. U. S. Forest Service, No. S-05-1502, 2007 WL 2993132 (E.D. Cal. Oct. 11, 2007) (Karlton, J.).

Here, the court disagrees with defendants' contention that plaintiff was not the prevailing party. He filed his suit in this court because CIS had allegedly failed to timely adjudicate his naturalization petition and he sought review of that petition. By remanding the case to the CIS, the court effectuated that review, albeit by CIS rather than the court. In that sense, plaintiff obtained the relief he sought. It is of no import to the prevailing party analysis that the remand occurred upon the stipulation of the parties or that the timeliness of the petition's adjudication may have become moot if CIS eventually denied it. See Carbonell, 429 F.3d at 900-901; Watson, 300 F.3d at 1096. There was, in this case, a "judicial imprimatur" on the changed relationship between the parties by which CIS was required to review plaintiff's petition within sixty days. This suffices to render him the prevailing party in his action.

**B.   Substantial Justification of the Government's Position**

Defendants argue that the agency's underlying position of untimely disposition of plaintiff's application was substantially justified because CIS has a policy of delaying

5

1  adjudication of an application until the background check is
2  complete. They rely on the 1998 Appropriations Bill, which
3  provided that CIS may not complete adjudication of an
4  application until the F.B.I. background check is completed. H.R.
5  2267, PL 105-119, 105th Cong., at 2448 (1997).
6      Be that as it may, the plaintiff's contention that a delay
7  of several years to complete a background check is well-taken.
8  Defendants have not offered any justification for this delay. In
9  a similar case, another district court has pointed out that the
10 relevant regulations instruct CIS to conduct the examination
11 after completion of the background check, which would facilitate
12 timely adjudication. Castracani v. Chertoff, 377 F. Supp. 2d 71,
13 74 n. 8 (D.D.C. 2005) citing 8 C.F.R. § 335.2. Here, without any
14 explanation of why that process was not followed here nor why
15 the background check took so long to complete, the court cannot
16 conclude that defendants' position was substantially justified.

**C.  Amount of Award**

18      The starting point for calculating the amount of a
19 reasonable fee is the number of hours reasonably expended
20 multiplied by a reasonable hourly rate. See Hensley v.
21 Eckerhart, 461 U.S. 424, 433 (1983).
22      Under the EAJA, attorneys' fees are award at an hourly rate
23 of $125, unless the court determines a cost-of-living increase
24 or "a special factor, such as the limited availability of
25 qualified attorneys for the proceedings involved" warrant a rate
26 increase. 28 U.S.C. § 2412(d)(2)(A). Here, plaintiff seeks

6

1  attorneys' fees at $125 per hour. See Motion for Award of
2  Attorney's Fees at 5. There is no evidence tendered to the court
3  as to why that fee is not appropriate.
4       A court may only award attorney fees for those hours
5  reasonably expended, excluding any "excessive, redundant, or
6  otherwise unnecessary" hours. Hensley, 461 U.S. at 434. Time
7  expended on the fee motion can be included in the award.
8  Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990).
9       Here, plaintiff's counsel has tendered evidence supporting
10 his representation of having spent 13.5 hours on this case.
11 Motion for Award of Attorney's Fees, Exh. 3. A review of his
12 time log indicates that this is a fair representation of the
13 work expended and does not contain redundancies or otherwise
14 reflect inflated figures. The court therefore awards plaintiff
15 13.5 hours in attorneys' fees.
16      Finally, the EAJA provides that the prevailing party can
17 recover litigation expenses and costs in addition to attorneys'
18 fees.   28 U.S.C. § 2412(a)(1); § 2412(d)(1)(A). "Expenses"
19 includes those that are normally billed a client, such as
20 telephone calls, postage, and attorney travel expenses.
21 International Woodowrkers, Local 3-98 v. Donovan, 792 F.2d 762,
22 767 (9th Cir. 1986). Here, plaintiff's counsel has tendered
23 evidence that he incurred expenses for postage and filing fees,
24 totaling $450.75. Motion for Award of Attorney's Fees, Exh. 3.
25 The court therefore awards that amount in costs.
26 ////

7

**IV. CONCLUSION**

For the reasons stated herein, plaintiff's motion for attorney's fees is GRANTED. Plaintiff is awarded $1,687.50 in fees and $450.75 in costs, for a total award of $2,138.25.

IT IS SO ORDERED.

DATED: February 9, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8